415 Pa. 31 (1964)
Hasage
v.
Philadelphia Zoning Board of Adjustment (et al., Appellant).
Supreme Court of Pennsylvania.
Argued April 29, 1964.
July 1, 1964.
*32 Before BELL, C.J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.
Henry B. FitzPatrick, Jr., with him Broderick, Schubert & FitzPatrick, for protestants, appellants.
Levy Anderson, First Deputy City Solicitor, with him Edgar R. Einhorn, Assistant City Solicitor, James L. Stern, Second Deputy City Solicitor, Matthew W. *33 Bullock, Jr., Deputy City Solicitor, and Edward G. Bauer, Jr., City Solicitor, for City of Philadelphia, intervenor, appellant.
Irvin Stander, for appellees.
OPINION BY MR. JUSTICE EAGEN, July 1, 1964:
This is a zoning case. The property involved, 6345 Lancaster Avenue, in the City of Philadelphia, is located in a district zoned "R-4" Residential which permits single-family dwellings.
In the year 1951, the Philadelphia Zoning Board of Adjustment refused a request for permission to convert the property into a four-family dwelling. Despite this, conversion into a five-family dwelling was illegally effected some time later in the same year. Appellees herein purchased the property in September 1956 for $26,000, expended another $10,000 in improvements, and have operated it as a five-family dwelling ever since.
In 1962, the city, through a routine inspection, became aware for the first time of the existing violation and served the owners of the property with notice thereof. Subsequently, an application for a variance was filed which would permit the property to be used as a six-family dwelling. This later was amended to a request for a five-family dwelling.
The zoning board of adjustment refused to grant the variance. On appeal, the common pleas court reversed the action of the board and directed that the variance issue. An appeal to this Court followed.
Since the lower court took no additional testimony, our scope of review is limited to determining whether or not the board of adjustment abused its discretion or committed an error of law in refusing the requested variance: Peirce v. Zoning Board of Adjustment, 410 Pa. 262, 189 A. 2d 138 (1963).
*34 At the zoning board hearing, it was developed that the lot upon which the property is located is eighty-five feet in width and one hundred fifty-five feet in depth. The building is a two and one-half story detached dwelling, containing eleven rooms and five baths. Presently, the owners utilize the first floor as a residential apartment. The second floor is a separate apartment for another family and the third floor is used by two individual roomers. Located on one side of the property is a sixteen unit apartment house which was built as such and is a nonconforming use. On the other side is a single-family dwelling for which the owners were heretofore granted a variance to permit its further use as a dance studio with stipulated restrictions. All other properties in the block are used as single-family dwellings, with the exception of a church and connected rectory. Several property owners in the neighborhood appeared before the board to protest the granting of the variance. The appellees-property owner offered no evidence to establish that the property involved could not be used as a single-family dwelling. In fact, it was tacitly admitted that such use is possible, particularly if certain changes in the physical make-up are consummated. However, no competent evidence was introduced to show the cost of making these changes.
Under these facts, it is our conclusion that the lower court erred in reversing the action of the board. It is clear to us that the board did not abuse its discretion or commit an error of law in refusing the variance.
The power to grant variances should be sparingly exercised and only where peculiar and exceptional circumstances exist: Sgarlat v. Kingston Boro. Bd. of Adj., 407 Pa. 324, 180 A. 2d 769 (1962). Since a variance is in derogation of the zoning regulations, the right to the issuance thereof is not present unless the *35 applicant establishes: (1) that there exists upon the property a unique, peculiar and unnecessary hardship as distinguished from a hardship arising from the impact of the zoning regulations on the entire district; (2) that the proposed variance is not contrary to the safety, health, morals or general welfare. Di Santo v. Zoning Bd. of Adj., 410 Pa. 331, 189 A. 2d 135 (1963).
The applicants herein failed to meet either of the above requirements.
It is argued that the cost of maintenance of the property as a single dwelling would be unreasonably high. This, of course, is true of every large house in the area and the record discloses that there are many such. See, Best v. Zoning Board of Adjustment, 393 Pa. 106, 141 A. 2d 606 (1958).
It is argued that the applicants purchased the property thinking multiple-family dwelling was permissible, and, acting on such belief, made an investment of approximately $36,000. The answer to this is that they were duty bound to check the zoning status of the property before purchase, and could have required a certificate of such from the seller under the Act of July 27, 1955, P.L. 288, § 1, as amended by P.L. 1532, No. 652, § 1, 21 P.S. § 611 (1963 Supp.). If the records had been searched, it would have been immediately revealed that the zoning board had refused to permit multiple dwelling within a few years before title to the property was purchased. The applicant's negligence in this respect cannot now be advanced in support of the grant of the variance.
Further, until as least the year 1951, the property involved was continuously used as a single-family dwelling, in a long established neighborhood of this character. The record does not show that such use is not now feasible. The fact that a multiple-family use would render it more productive financially is not a controlling factor. Economic loss, in itself, does not *36 constitute the unique, unnecessary hardship which the law requires to justify the issuance of a variance: Magrann v. Zoning Bd. of Adj., 404 Pa. 198, 170 A. 2d 553 (1961); Andress v. Zoning Board of Adjust., 410 Pa. 77, 188 A. 2d 709 (1963).
Nor does the fact that a property next door was granted a variance for limited purposes, in itself, warrant the issuance of the variance involved. See Spadaro v. Zoning Bd. of Adjustment, 394 Pa. 375, 147 A. 2d 159 (1959).
Finally, the case of Sheedy v. Zoning Bd. of Adjust., 409 Pa. 655, 187 A. 2d 907 (1963), upon which the lower court relied is factually distinguishable and not controlling. Sheedy was a singular situation and presented at least three factors which do not appear in the present case: (1) The multiple-family dwelling, or nonconforming use, had existed for a score of years, in fact, almost from the date of the passage of the zoning ordinance; (2) The city had permitted the illegal use to continue without challenge for twenty-three years despite knowledge of its existence, and pursued a course of conduct that indicated multiple tenancy was not objectionable; (3) It was clearly established that the cost of conversion to a single dwelling would be enormous and prohibitive. It was the combination of all these elements that induced this Court's decision in that case.
Order reversed.
Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.