### The BOROUGH OF DORMONT

v.

### The ZONING HEARING BOARD OF the BOROUGH OF DORMONT

v.

### James D. Sparvero, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 5, 2004.
Decided May 25, 2004.

Eric D. Rosenberg, Pittsburgh, for appellant.

Thomas H. Ayoob III, Pittsburgh, for appellees.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY President Judge COLINS.

James Sparvero appeals an order of the Court of Common Pleas of Allegheny County that reversed an order of the Zoning Hearing Board (Board) of Dormont Borough (Borough) that had granted a variance to Sparvero to permit him to use a building he owns as a three-family dwelling, although a maximum of two families per dwelling is permitted in the R–2 district in which the building is located. The Court also reinstated an enforcement notice the Borough had issued to Sparvero to stop him from using the building as a three-family dwelling.

The trial court accepted no additional evidence. Therefore, our standard of review is limited to considering whether the Board manifestly abused its discretion or committed an error of law. *Wolter v. Board of Supervisors of Tredyffrin Township*, 828 A.2d 1160 (Pa.Cmwlth.2003), *petition for allowance of appeal denied,* —— Pa. ——, 843 A.2d 1240 (2004). The pertinent findings establish that the Borough approved the use of the building as a two-unit dwelling in 1941, but a request to add a unit over the garage was denied by the then-Board in 1942. In December 1983, the Board denied a request of the previous

owner to certify the building as a three-unit dwelling and ordered the previous owner to remove the kitchen from a section of the building that at some time in the past had been converted to a third dwelling unit. The Borough issued a two-family occupancy permit for the building in January 1984. On February 21, 1984, Sparvero purchased the property, which he had seen advertised as a three-family dwelling, and the Board apparently credited his testimony that he was not aware of the occupancy permit issued before his purchase. Sparvero continued to use the building as a three-family dwelling until he requested a parking permit in 2002, at which time the Borough, apprised of the use, issued the cease and desist notice.

The Board based its decision to grant the variance on the fact that, after the Borough in 1983 denied the request for certification to the previous owner and ordered removal of the third-unit's kitchen, the Borough did nothing thereafter to verify that the owner had complied with the order. The trial court reversed the Board's order, and this appeal followed.

The issues before the Court are: (1) whether the trial court applied the wrong standard of review; and (2) whether the record contains substantial evidence to support the Board's factual findings and legal conclusions, specifically the Board's finding that the Borough knew of Sparvero's non-complying use and failed to act upon that knowledge.

█ This case presents the question of whether Sparvero is entitled to a variance by estoppel. Such variances are appropriate when a use does not conform to the zoning ordinance and the property owner establishes all of the following: (1) a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of active acquies-

cence in the illegal use; (2) the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceeding; (3) the landowner has made substantial expenditures in reliance upon his belief that his use was permitted; and (4) denial of the variance would impose an unnecessary hardship on the applicant. *Springfield Township v. Kim*, 792 A.2d 717, 721 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 573 Pa. 693, 825 A.2d 640 (2003).

█ In this case, we conclude that Sparvero failed to establish that denial of the variance would create an unnecessary hardship. In order to establish that denial will result in unnecessary hardship an applicant for a variance must show more than mere economic or personal hardship. *Rinck v. Zoning Board of Adjustment*, 19 Pa.Cmwlth. 153, 339 A.2d 190 (1975). The applicant must prove that the hardship is unique to the property, and that the zoning restriction sought to be overcome renders the property practically valueless. *Id.*; *accord Hasage v. Philadelphia Zoning Board of Adjustment*, 415 Pa. 31, 202 A.2d 61 (1964). The record here could support no such finding. Accordingly, the Board erred in concluding that Sparvero satisfied this requirement.

█ Because Sparvero has not established the unnecessary hardship element, we need not address the question of whether the Borough knew or should have known of the violation. However, we believe that the Board erred in concluding that the Borough had constructive knowledge of the violation because it failed to verify that the owner had complied with the Board's 1983 zoning decision. The record contains evidence only that the Borough knew that the previous owners were not in compliance before initiating its enforcement action in 1983. So, the question

is whether the Borough had a duty to ensure that the owner complied, and if it failed in such a duty should the Borough be found to have constructive knowledge of the non-compliance?

Of some guidance is the Supreme Court's decision in *Hasage*. In that case a property owner sought approval to convert a dwelling located in a zoning district permitting only single-family dwellings into a four-family dwelling. The zoning board denied the request in 1951, but the owner nevertheless converted the building into a five-family dwelling. The owners sold the building in 1956, and the new owners continued to operate the building as a five-family dwelling. The city conducted a routine inspection in 1962 and became aware of the violation for the first time. The owners sought a variance, were refused by the board, but were successful in their appeal to the trial court. The Supreme Court concluded first that the new owners were duty bound to check the ordinance and search records before purchasing the building. Further, the economic loss did not warrant granting the variance, as the building could be used as a single-family dwelling in conformity with the ordinance. Finally, the Court rejected the owner's reliance upon *Sheedy v. Zoning Board of Adjustment*, 409 Pa. 655, 187 A.2d 907 (1963), where the city had permitted a violation to continue for twenty-three years, despite knowledge of the non-permitted use and had pursued a course of conduct that indicated that multiple tenancy was not objectionable. *Hasage*, 415 Pa. at 36, 202 A.2d at 64. In this case, the Board cited no authority to support the proposition that a municipality has a duty to ensure that a party against whom a

valid order had been issued has complied with the order. Also, unlike the court in *Sheedy*, there are no facts indicating that the Borough pursued a course, following the issuance of the 1983 Board decision, indicating that Sparvero's use of the building was not objectionable. The Borough, having granted only a two-family occupancy permit before the sale in 1984 to Sparvero not only had reason to believe that the owners were complying with the order and the occupancy permit,[1] but also provided Sparvero with no reason to believe that his use was not objectionable.

Accordingly, because the Board erred as a matter of law in concluding that Sparvero had established the elements necessary for the granting of a variance by estoppel, we conclude that the trial court did not err in reversing the Board's decision. The order of the trial court is affirmed.

### ORDER

AND NOW, this 25th day of May 2004, the order of the Court of Common Pleas of Allegheny County is affirmed.

---

1. We note also that the occupancy permit on its face states that it must be filed with any deed, a fact which suggests that, if the permit was filed with the deed as required, Sparvero should have known that the building was not approved for three-unit occupancy. Further the evidence of record regarding Sparvero's use of only two garbage collection accounts also suggests that the Borough had no way of knowing that the violation continued.