974 A.2d 1204 (2009)
Walter N. HAFNER, Jr. and Bonnie Hafner, Trustees, Hafner Revocable Living Trust Agreement, Appellants
v.
ZONING HEARING BOARD OF ALLEN TOWNSHIP and Brian J. Kulp and Melissa J. Kulp.
Brian J. Kulp and Melissa J. Kulp
v.
Zoning Hearing Board of Allen Township and Walter N. Hafner, Jr. and Bonnie Hafner, Trustees, Hafner Revocable Living Trust Agreement (Two Cases).
Walter N. Hafner, Jr., and Bonnie Hafner, Trustees, Hafner Living Trust Agreement
v.
Zoning Hearing Board of Allen Township and Brian J. Kulp and Melissa J. Kulp.
Walter N. Hafner, Jr. and Bonnie Hafner, Trustees, Hafner Revocable Living Trust Agreement
v.
Zoning Hearing Board of Allen Township and Brian J. Kulp and Melissa J. Kulp.
Walter N. Hafner, Jr., and Bonnie Hafner, Trustees, Hafner Living Trust Agreement
v.
Zoning Hearing Board of Allen Township and Brian J. Kulp and Melissa J. Kulp
Appeal of Brian J. Kulp and Melissa J. Kulp.
No. 1229 C.D. 2008, No. 1280 C.D. 2008.
Commonwealth Court of Pennsylvania.
Argued April 2, 2009.
Decided May 21, 2009.
*1206 Leo V. DeVito, Bethlehem, for designated appellants.
Joseph J. Piperato, III, Bethlehem, for appellee, Zoning Hearing Board of Allen Township.
Thomas M. Caffrey, Allentown, for appellees, Brian J. Kulp and Melissa J. Kulp.
BEFORE: COHN JUBELIRER, Judge and SIMPSON, Judge (P), and FRIEDMAN, Senior Judge.
OPINION BY Judge SIMPSON.
These cross-appeals arise from a decision of the Court of Common Pleas of Northampton County (trial court) that affirmed two decisions of the Allen Township Zoning Hearing Board (ZHB). The proceedings before the ZHB arose from the inquiry of Brian J. Kulp and Melissa J. Kulp (Objectors) regarding the zoning applicable to an adjacent property where Walter N. Hafner, Jr. (Applicant) operates a tool repair business and a concrete cutting business. Upon review, we affirm in part and reverse in part.

I. Introduction
In the first of two ZHB proceedings, Objectors challenged a zoning officer's determination that both Applicant's businesses were lawful, preexisting nonconforming uses. At hearing, Applicant, though represented by counsel, presented no evidence regarding the historical use of his property. After the hearing, the ZHB determined the tool repair business was a *1207 lawful, nonconforming use, while the concrete cutting business was not. Objectors appealed the ZHB's decision regarding the tool repair business, and Applicant appealed the decision regarding the concrete cutting business.
After the ZHB issued its decision regarding the concrete cutting business, Applicant initiated a new proceeding before the ZHB, applying for a variance by estoppel to permit continued operation of both businesses on the property. At the hearing on Applicant's variance by estoppel request, Applicant and his father testified regarding the property's use over time. After the hearing, the ZHB denied Applicant's variance by estoppel request. Applicant appealed to the trial court, and Objectors intervened.
The trial court consolidated the three appeals. Without taking additional evidence the trial court affirmed all of the ZHB decisions.
Before this Court, Objectors challenge the ZHB's determination that the tool repair business constituted a lawful, nonconforming use. Applicant challenges the ZHB's determination that the concrete cutting business was not a lawful, nonconforming use, and the ZHB's refusal to grant a variance by estoppel.

II. ZHB Proceedings

A. Nonconforming Uses
Allen Township enacted its first zoning ordinance in 1969. At that time, Applicant's property was situated within a Village Center (VC) zoning district. The VC district permitted repair shops for appliances, watches, guns, bicycles, and locks. The 1983 and 1994 versions of the zoning ordinance continued to allow repair shops, but required site plan approval. The 2000 zoning ordinance rezoned the property R-2 Medium Density Residential, and it no longer permitted repair shop use. The 1969 ordinance and all subsequent versions of the ordinance specifically prohibited operation of a contracting business on the property.
At the hearing, Objectors testified to their observations of the activities on Applicant's property from the time they purchased their property in 1989. At that time, Applicant's property consisted of two, three-bay garages. Initially, the activities on Applicant's property were limited to one person working inside the garages during the day and one person leaving the property in the morning in a van and returning in the afternoon.
Over time, the commercial use of the property increased steadily to its current level, which now includes the presence of more than ten employee vehicles, five to six box trucks, multiple vans, dumpsters containing concrete remnants, equipment stored outside the garages, and multiple employees working inside and outside the garages.
Objectors testified the noise from Applicant's property lasts from approximately 6:30 a.m. until between 6:00 and 8:00 p.m. The noise is audible on weekends and at times inside Objectors' home.
Objectors asked the township to investigate whether the relevant zoning ordinance permitted the activity on Applicant's property. The Allen Township zoning officer reviewed the zoning records and found neither the tool repair business nor the concrete cutting business were a permitted use on the property. Township records also indicated Applicant never received a permit for operation of either business.
In contrast, records indicated that in 1993, zoning authorities issued a cease and desist  enforcement notice to Applicant for three illegally-placed signs advertising the location of the tool repair business and for operating the tool repair shop in violation of the zoning ordinance. The zoning *1208 officer who investigated the property at the time noted the repair shop was of the type allowed in the VC district, but its operation required a zoning permit conditioned on the approval of a site plan. Subsequently, Applicant applied for a permit for the signs. The township denied the permit request again noting the requirement of submission and approval of a site plan. No plan was ever submitted and no permit was ever issued for the tool repair business.
The documents pertaining to the 1993 cease and desist notice only referenced the tool repair business and never mentioned the concrete cutting business. Further, the zoning officer who investigated the property in 1993 was present at the nonconforming use hearing and testified that, at the time of the cease and desist action, there was no concrete cutting business on the property, only a tool repair shop.
Applicant was represented by counsel who cross-examined witnesses and presented argument. Applicant did not testify, and he presented no evidence.
Ultimately, the ZHB concluded the relevant zoning ordinances allowed the tool repair shop use until the district was rezoned in 2000. As the evidence established Applicant operated a tool repair shop on the property prior to 2000, the ZHB determined the current tool repair shop constituted a lawful, nonconforming use.
The ZHB also concluded the concrete cutting business was never a permitted use under any zoning ordinance. Though the ZHB was unable to establish the precise date the concrete cutting business began, it concluded that as of 1989, Applicant only used the property for the tool repair business. Thus, the evidence was sufficient to show the concrete cutting business began some time after 1969 and was never a valid nonconforming use.

B. Variance by Estoppel
After filing an appeal of the first ZHB decision, Applicant initiated a new proceeding before the ZHB by applying for a variance by estoppel. At this hearing, Applicant and his father, Walter N. Hafner, Sr. (Applicant's father), both testified regarding the historical use of the property. The ZHB also made the transcript and exhibits from the first hearing a part of the record.
Applicant's father testified he purchased the property in 1973. Prior to the purchase, he spoke to a man he believed to be a township supervisor regarding his intended use of the property. He told the man he planned to use the property to expand his business, park his trucks and store equipment. He testified the man told him it would be no problem. Within weeks of the purchase, he built a three-bay garage on the property and moved his tool repair business there.
In 1982, Applicant's father, desiring to expand his business, constructed a second garage on the property. Prior to construction, he applied for a building permit, which was granted. Applicant's father testified the zoning officer who approved the permit knew the purpose of the construction and was aware of the business use of the property.
Applicant's father admitted he never reviewed the relevant zoning ordinance prior to his purchase of the property or before construction of either garage. He did not review the ordinance because he believed his use was allowed and because he received a permit for the construction of the second garage. He further noted spending roughly $22,000 constructing the two garages.
Applicant's father retired in 1987, and he transferred the property to his son. Applicant testified to spending between $35,000 and $40,000 improving the garages *1209 and to his expansion of the business by roughly one truck every three to four years. In 2000, he constructed his private residence on the property.
Following the 1993 cease and desist notice, Applicant testified he spoke to a township supervisor who informed him he did not require a permit for his tool repair business since it was "grandfathered." He also acknowledged the township solicitor requested he file a site plan for his property. He admitted he never filed a site plan and never appealed the cease and desist notice. He also admitted he never reviewed the relevant zoning ordinance to determine whether his businesses were permitted on the property as he believed they were grandfathered and permitted.
Ultimately, the ZHB denied Applicant's request for a variance by estoppel on the grounds Applicant did not satisfy several of the requirements necessary to obtain such relief. First, Applicant never reviewed the relevant zoning ordinance, thus preventing his good faith reliance on the validity of his use of the property. Second, zoning authorities acted promptly in issuing the cease and desist notice in 1993 upon learning of the presence of the tool repair business, and Applicant did not appeal the notice. Third, the ZHB noted denying the variance would not impose unnecessary hardship, such as the cost of demolishing an existing building, as Applicant can use the garages for storage rather than demolish them. Therefore, the ZHB denied Applicant's request for relief.

C. Appeals to Trial Court
Objectors appealed the ZHB's decision regarding the lawful non-conforming use status of tool repair shop, and Applicant appealed the ZHB's decision regarding the non-conforming use status of concrete cutting business to the trial court. The trial court subsequently consolidated these appeals with Applicant's appeal from the ZHB's denial of his request for a variance by estoppel. Ultimately, the trial court affirmed the ZHB in all respects. Both parties now appeal to this Court.
On appeal,[1] Objectors challenge the ZHB's determination that Applicant's tool repair business constituted a lawful, nonconforming use.
In his appeal, Applicant asserts the ZHB erred in determining that his concrete cutting business was not a lawful, nonconforming use. In addition, Applicant argues the ZHB erred in denying his request for a variance by estoppel.

II. Discussion

A. Nonconforming Uses

1. Concrete Cutting Business
Applicant first argues the ZHB's findings regarding the concrete cutting business are not supported by substantial evidence because the ZHB's decision disregards Applicant's father's testimony at the hearing on Applicant's request for a variance by estoppel. At that hearing, Applicant's father testified the property had always been used for both the tool repair business and the concrete cutting business. Thus, Applicant asserts, the ZHB could not conclude the tool repair business was a lawful, nonconforming use and the concrete cutting business was not. We disagree.
*1210 Applicant did not testify or offer evidence during the first ZHB hearing, though he was present and represented by counsel. In his closing remarks, Applicant's counsel stated, "[a]gain, [the Objectors] have the burden. I didn't put any evidence on because we don't have the burden this evening. From what I heard, there was no reason to put any evidence on because [Objectors] haven't met their burden." Reproduced Record (R.R.) at 153a.
Here, Applicant chose not to testify or present evidence at the first hearing. Thus, the record before the ZHB lacked any basis to support the conclusion that Applicant used the property to operate a concrete cutting business prior to 1969. Applicant may not rely on testimony from the later hearing on his variance by estoppel request to challenge the sufficiency of the evidence underlying the first ZHB decision. Therefore, Applicant's challenge to the evidentiary support for the ZHB decision fails.

2. Tool Repair Business
Appealing the ZHB's determination regarding the tool repair business, Objectors argue the ZHB erred in concluding the tool repair business was a lawful use of the property prior to the district's rezoning in 2000. Though the previous zoning ordinances allowed repair shops, Objectors argue, the types of repair shops were limited to the enumerated examples of appliances, watches, guns, bicycles, and locks. Objectors construe the 1993 cease and desist notice as evidence that Applicant's tool repair shop was not the type of repair shop allowed by the relevant zoning ordinance. Thus, the tool repair business was never a lawful use prior to the zone's redistricting in 2000, and the ZHB erred in determining it was a lawful, nonconforming use.
A ZHB's interpretation of its own zoning ordinance is entitled to great deference and weight. Arter v. Phila. Zoning Bd. of Adjustment, 916 A.2d 1222 (Pa.Cmwlth.), appeal denied, 594 Pa. 691, 934 A.2d 75 (2007). "When interpreting zoning ordinances, this Court relies on the common usage of words and phrases and construes language in a sensible manner." City of Hope v. Sadsbury Twp. Zoning Hearing Bd., 890 A.2d 1137, 1143-44 (Pa. Cmwlth.2006). In addition, when construing ambiguous zoning ordinances, courts must afford permitted uses the broadest interpretation so that a landowner may have the benefit of the least restrictive use of his or her land. Pearson v. Zoning Hearing Bd. of Newlin Twp., 765 A.2d 1187 (Pa.Cmwlth.2001).
From 1969 to 2000, the relevant zoning ordinances permitted repair shops for appliances, watches, guns, bicycles, and locks. Supplemental Reproduced Record (S.R.R.) at 26b. The ZHB construed this list as illustrative, rather than exhaustive, thus permitting a tool repair business. Given our deferential review of the ZHB's interpretation of the zoning ordinance, we agree that prior to the enactment of the 2000 zoning ordinance that specifically prohibited repair shops, Applicant's tool repair business was an allowable use of the property.
However, we must look more closely at Applicant's operation of the tool repair business to determine whether it was a lawful, nonconforming use. To that end, we note that a lawful, nonconforming use of a property is a use predating the subsequent prohibitory zoning restriction. Hager v. W. Rockhill Twp. Zoning Hearing Bd., 795 A.2d 1104 (Pa.Cmwlth.2002). The right to maintain this nonconforming use is only available for uses that were lawful when they came into existence and which existed when the ordinance took *1211 effect. Id. Preexisting illegal uses cannot become nonconforming uses, and it is the burden of the party proposing the existence of such a use to establish both its existence and legality before the enactment of the ordinance at issue. Id.; Lantos v. Zoning Hearing Bd. of Haverford Twp., 153 Pa.Cmwlth. 591, 621 A.2d 1208 (1993).
Here, the record from the first ZHB hearing establishes the earliest operation of the tool repair shop in 1989. See R.R. at 40a-44a. At that time, the 1983 ordinance controlled and permitted repair shops in a VC district. However, the ordinance conditioned this use on an applicant's receipt of a zoning permit and township approval of a site plan. S.R.R. at 22b, 34b-38b.
Despite these ordinance requirements, Applicant here never submitted a site plan and never received a permit for operating the tool repair business. This led to the 1993 cease and desist notice in which the township zoning officer cited Applicant for zoning violations. The notice read, "under ordinance, Section 800(b) and (m) it is required that the present `use,' as above stated [tool repair business], must first have approval from the Allen Township Planning Committee, and or perhaps the [ZHB]." S.R.R. at 36b.
Applicant never submitted a site plan, never received a permit, and never appealed the cease and desist order. Applicant's zoning violations were still unresolved when the township rezoned the district in 2000 to prohibit repair shops.
An applicant must prove not only the existence of the nonconforming use, but its legality. Lantos. The manner of use and the dates of its existence are questions of fact on which a reviewing court defers to the fact-finder; however, the legality of a use is a question of law over which our review is plenary. Tennyson v. Zoning Hearing Bd. of West Bradford Twp., 952 A.2d 739 (Pa.Cmwlth.2008) (appellate court's review over question of law in zoning appeal is plenary); cf. Hill v. Zoning Hearing Bd. of Maxatawny Twp., 142 Pa.Cmwlth. 539, 597 A.2d 1245 (1991) (determination that use is expansion of prior nonconforming use is conclusion of law).
While the current township zoning officer gave her opinion that the tool repair business constituted a lawful nonconforming use, this opinion cannot stand in the face of the unrebutted documents from the 1993 cease and desist/enforcement action. Additionally, the ZHB's relevant conclusion of law erroneously characterized the cease and desist order as relating to the concrete cutting business when its text clearly refers to the tool repair business. ZHB Decision, June 5, 2007, Concl. of Law No. 19. This determination is inconsistent with the actual cease and desist order and therefore constitutes an abuse of discretion. Cottone v. Zoning Hearing Bd. of Polk Twp., 954 A.2d 1271 (Pa.Cmwlth. 2008) (in reviewing zoning board's determination, an abuse of discretion found only where finding not supported by substantial evidence).
In sum, the record establishes as of 1993, the tool repair shop was in violation of the applicable zoning ordinance and thus was not lawful at that time. Consequently, the ZHB erred in determining the tool repair business was a lawful, nonconforming use prior to rezoning.

B. Variance by Estoppel
In his appeal of the ZHB's denial of his application for a variance by estoppel, Applicant argues his failure to review the relevant zoning ordinances to determine whether his intended use was permitted did not prevent his good faith belief and innocent reliance on the validity of the use. Instead, he argues he and his father attempted to determine the validity of the property's use several times. He notes *1212 testimony that in 1973, prior to purchasing the property, his father asked a township supervisor about his intended use of the property and was told it was "no problem." R.R. at 231a-33a. Then, in 1982, when his father received a building permit to construct the second garage on the property, he claims the zoning officer observed the business activities on the property and voiced no concern. R.R. at 236a-39a. Thus, these two inquiries into the permitted use of the property refute the ZHB's determination that Applicant engaged in willful ignorance as to the permitted use of the property. Applicant also argues denial of the variance would cause him unnecessary hardship. He asserts the garages have always been used for commercial purposes and to now prohibit such use would result in unnecessary hardship.
There are four factors relevant to whether a ZHB should grant a variance by estoppel.
Such variances are appropriate when a use does not conform to the zoning ordinance and the property owner establishes all of the following: (1) a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use; (2) the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceeding; (3) the landowner has made substantial expenditures in reliance upon his belief that his use was permitted; and (4) denial of the variance would impose an unnecessary hardship on the applicant.
Borough of Dormont v. Zoning Hearing Bd. of Borough of Dormont, 850 A.2d 826, 828 (Pa.Cmwlth.2004) (citations omitted).
The ZHB determined Applicant failed to meet the "good faith reliance" requirement as neither he nor his father ever reviewed the relevant zoning ordinances. We agree.
In Hasage v. Philadelphia Zoning Board of Adjustment, 415 Pa. 31, 202 A.2d 61 (1964) our Supreme Court held that a landowner is duty-bound to check the zoning status of a property prior to purchase. Where a landowner fails to review the relevant zoning ordinance before purchasing a property, he may not advance the resulting ignorance in support of a variance by estoppel. Id. Here, had Applicant reviewed the relevant zoning ordinances he would have been aware of significant limitations on his intended commercial use of the property.
Nevertheless, Applicant argues his father testified he twice inquired of township officials whether his intended use of the property was permitted. These inquiries are not sufficient to establish good faith reliance where Applicant never reviewed the relevant zoning ordinances.
"One who commences a use without inquiry into whether it is permitted by the municipality's zoning ordinances does so at his own peril." Appeal of Crawford, 110 Pa.Cmwlth. 51, 531 A.2d 865, 869 (1987). Both Applicant and his father admitted they never reviewed the relevant zoning ordinances. Also, the Board noted the admission that before purchasing the property in 1973 Applicant's father did not inquire of the township zoning officer. ZHB Decision, December 5, 2007, Conclusion of Law (C.L.) No. 6. The Board also concluded the township zoning officer acted promptly in issuing the 1993 cease and desist order upon learning that a tool repair business was being operated without a permit or site plan. C.L. No. 7. This evidence supports the ZHB's determination. Thus, the ZHB did not err in concluding Applicant did not act in good faith relying on the validity of his use of the property.
The ZHB also concluded denying the variance would not cause unnecessary hardship. We agree.
*1213 To establish unnecessary hardship, an applicant must show more than a mere economic or personal hardship. Dormont. To accomplish this, "[t]he applicant must prove that the hardship is unique to the property, and that the zoning restriction sought to be overcome renders the property practically valueless." Id. at 828.
Here, Applicant did not prove unnecessary hardship. More particularly, although denial of the variance may result in some economic loss, as the ZHB noted, Applicant's personal residence is on the property and he felt he could use the garages for storage. As such, denial of the variance would not render the property valueless. Thus, we discern no error in the ZHB's determination that denial of Applicant's request for a variance by estoppel would not cause unnecessary hardship.
In short, Applicant failed to establish two of the mandatory requirements for a variance by estoppel: he did not establish good faith reliance and he did not establish unnecessary hardship. Id. Thus, the ZHB did not err in denying Applicant's application for a variance by estoppel.

III. Conclusion
We affirm the ZHB's determination that Applicant's concrete cutting business was not a lawful, nonconforming use and the ZHB's denial of Applicant's variance by estoppel. However, we reverse the ZHB's determination that Applicant's tool repair business is a lawful, nonconforming use.

ORDER
AND NOW, this 21st day of May, 2009, we REVERSE the order of the Court of Common Pleas of Northampton County to the extent it affirmed the Zoning Hearing Board of Allen Township's determination that the Applicant's tool repair shop was a lawful, nonconforming use. We AFFIRM in all other respects.
NOTES
[1] Where the trial court took no additional evidence, we are limited to determining whether the zoning hearing board abused its discretion or committed an error of law. Alpine, Inc. v. Abington Twp. Zoning Hearing Bd., 654 A.2d 186 (Pa.Cmwlth.1995). Where substantial evidence does not support the board's findings, the board abused its discretion and reversal is warranted. Baker v. Chartiers Twp. Zoning Hearing Bd., 677 A.2d 1274 (Pa.Cmwlth.1996).