IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thornhurst Township,                        :
                          Appellant          :
                                             :
            v.                               :
                                             :
Thornhurst Township Zoning Hearing           :    No. 1071 C.D. 2021
Board and Pocono4Rent                        :    Argued: November 14, 2022

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON[1]                          FILED: December 10, 2024


           Thornhurst Township (Township) appeals from an order of the Court of
Common Pleas of Lackawanna County (Common Pleas) dated August 31, 2021,
affirming the decision of the Township's Zoning Hearing Board (Board) that had
granted the appeal of a property owner, Pocono4Rent, LLC (Pocono4Rent) from a
notice of zoning violation issued by the Township. Upon review, we reverse in part
and vacate and remand in part.


                            **I. Background**

           This case involves a 3.5-acre real property (Property) at 15 Coombe
Court in the Township. Pursuant to the Township's Zoning Ordinance,[2] the Property
is located in the Township's Agricultural-Residential (A-R) Zoning District.

---

[1] This opinion was reassigned to the author on October 3, 2024.

[2] Thornhurst Twp., Pa. Code of Ordinances, Ch. 27 Zoning, § 27-201 (2011).

Reproduced Record (RR) at 133a. Permitted uses in the A-R District at all relevant times were open space, agricultural and forestry, single-family residential, and family care residential, along with customary accessory uses. *Id.* Before Pocono4Rent bought the Property, its use was single-family residential. *Id.* at 344a-45a.

The Zoning Ordinance did not contain provisions expressly precluding short-term rentals of residential properties at the time Pocono4Rent purchased the Property. However, the Zoning Ordinance limited occupation of a property in the A-R District to "one family" and defined a "family" as

> any individual, or two or more persons, all of whom are related by blood, marriage, legal adoption, or foster placement living together as a single housekeeping unit. A group of not more than five persons, all or some of whom are not related as defined above, living together in a single, nonprofit dwelling unit and maintaining a common household with a single cooking facility shall also be considered to be a family. A "family" shall not be deemed to include the occupants of a boarding house, rooming or lodging house, club, fraternity/sorority or dormitory or a family care or group care facility as defined herein.

RR at 138a.

Pocono4Rent avers that prior to its purchase of the Property, its agent inquired verbally of the Township's Zoning Officer whether the Property could permissibly be used for short-term rentals and was told it could. RR at 367a-68a. Without seeking written confirmation or any required permits, Pocono4Rent bought the Property in November 2017, renovated it, and began using it in 2018 solely for short-term rentals with a minimum stay of one to three nights for groups of up to 30 people. The Property, as renovated, includes a 5400-square-foot building with nine

2

bedrooms, four bathrooms, and amenities for numerous indoor and outdoor activities. RR at 113a.

Upon learning from complaints by neighbors that Pocono4Rent was using the Property for short-term group rentals to large groups, the Township issued a notice of violation to Pocono4Rent. *See* RR at 347a-53a, 355a, 357a & 380a. In addition to citing Pocono4Rent's failure to obtain the required permits for renovations,[3] the notice stated that Pocono4Rent's use of the Property was commercial and, as such, not a permitted use in the A-R District. *See id.* at 367a.

Pocono4Rent appealed to the Board. After a hearing, the Board concluded that the Township had issued the notice of violation in error. The Township appealed to Common Pleas, which affirmed the Board after holding its own evidentiary hearing. The Township then appealed to this Court.

## II. Issues

On appeal,[4] the Township raises several issues, which we condense and synthesize into two. First, the Township asserts that Common Pleas erred by declining to apply governing case law and, consequently, by concluding that the Zoning Ordinance allows the short-term rental use of the Property being made by Pocono4Rent. Second, the Township contends that Common Pleas erred by applying equitable principles relating to prejudice Pocono4Rent would allegedly

---

[3] Pocono4Rent's failure to obtain permits is not at issue in this appeal.

[4] Where a court of common pleas takes evidence in a zoning appeal, this Court's review is limited to determining whether the court of common pleas abused its discretion or committed an error of law. *Fisher v. Cranberry Twp. Zoning Hearing Bd.*, 819 A.2d 181, 183 n.1 (Pa. Cmwlth. 2003).

suffer if it is precluded from using the Property for short-term group rentals. We will discuss each argument in turn.

### III. Discussion

### A. Use of the Property for Short-Term Group Rentals

In its analysis, Common Pleas rejected the Township's argument that our Supreme Court's decision in *Slice of Life, LLC v. Hamilton Township Zoning Hearing Board*, 207 A.3d 886 (Pa. 2019), applied to prohibit Pocono4Rent's short-term rentals, determining that *Slice of Life* announced a new rule of law and thus should not be applied retroactively. We disagree.

In *Slice of Life*, our Supreme Court acknowledged "the increasingly popular concept of web-based rentals of single-family homes to vacationers and other transient users for a few days at a time . . ." and considered "whether a zoning ordinance that defines 'family' as requiring 'a single housekeeping unit' permits the purely transient use of a property located in a residential zoning district . . . ." *Slice of Life*, 207 A.3d at 888. The Court held that "the purely transient use of a house is not a permitted use in a residential zoning district limiting use to single-family homes by 'a single housekeeping unit.'" *Id.* If that ruling applies here, Pocono4Rent is precluded from using the Property exclusively for short-term rentals. Therefore, we must determine whether *Slice of Life* applies retroactively to this matter.

*Slice of Life* was decided while this matter was pending before Common Pleas. In determining whether the holding of *Slice of Life* applies in this circumstance, "[t]he threshold inquiry is whether or not a new rule has been announced. A new rule of law is established where an abrupt and fundamental shift

4

from prior precedent, upon which litigants may have relied, has occurred." *Dist. Off. of Disciplinary Counsel v. Surrick*, 749 A.2d 441, 444 (Pa. 2000) (citations omitted).

In *Slice of Life*, our Supreme Court explained that it was following existing, binding precedent, *Albert v. Zoning Hearing Board of North Abington Township*, 854 A.2d 401 (Pa. 2004), in finding that the purely transient use of a property as part of a commercial short-term vacation rental business was not a permitted use in a residential zoning district. *Slice of Life*, 207 A.3d at 896. The Court relied heavily on its reasoning in *Albert*, in which the Court held:

> While this Court has never before explicitly stated that transiency is incompatible with the notion of a single-family household, it is undeniable that inherent in the concept of "family" and, in turn, in the concept of a "single-family dwelling," is a certain expectation of relative stability and permanence in the composition of the familial unit.

*Albert*, 854 A.2d at 409, *quoted in Slice of Life*, 207 A.3d at 891. Our Supreme Court in *Slice of Life* emphasized that its previous "holding in *Albert* could not be clearer: a purely transient use of property is incompatible with the definition of a 'family' defined as 'a single housekeeping unit.'" *Slice of Life*, 207 A.3d at 903.

Moreover, this Court has observed in previous decisions that our Supreme Court's decision in *Slice of Life* was based on its prior holdings. *See Johnson v. Pocono Twp. Zoning Hearing Bd.*, 310 A.3d 836, 841-42 (Pa. Cmwlth. 2024) (explaining that *Slice of Life* followed the previous holding of *Albert*); *City of Clairton v. Zoning Hearing Bd. of City of Clairton*, 246 A.3d 890, 911 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 505 (Pa. 2022) (same). We reiterate that observation here.

Accordingly, we conclude that the Supreme Court in *Slice of Life* merely clarified or amplified existing case law but did not announce a new rule of

law, and its application here is not impermissibly retroactive. Applying the holding of *Slice of Life* here, the housekeeping unit requirement in the Township's Zoning Ordinance cannot be interpreted to allow use of a residential property exclusively for transient short-term rentals.

Moreover, we reiterate that the Zoning Ordinance here also limits residential use by unrelated persons to groups of five or fewer unrelated persons and requires that such groups must comprise housekeeping units. Therefore, the use at issue here is not permitted, regardless of the application of *Slice of Life*.

In short, the Zoning Ordinance does not allow the use of residential properties, including the Property, exclusively for transient short-term rentals. Common Pleas erred as a matter of law in concluding otherwise. Accordingly, we reverse Common Pleas' order as to that issue.

**B. Equitable Relief – Estoppel**

Common Pleas' opinion arguably may be read as suggesting that Pocono4Rent's alleged reliance on a purported verbal statement of the Zoning Officer gave rise to some form of estoppel that would entitle Pocono4Rent to continue its use of the Property even if that use is not permitted under the Zoning Ordinance. *See generally Thornhurst Twp. v. Thornhurst Twp. Zoning Hearing Bd.* (C.P. Lackawanna, No. 2019 -CV-1940, filed Aug. 31, 2021) (Common Pleas Op.). To the extent that the opinion may be so construed, however, Common Pleas' opinion is insufficient to allow meaningful review on the issue of estoppel.

This case is fact-specific, yet Common Pleas' opinion does not include necessary findings and conclusions; nor does it provide any application of the factors necessary for estoppel. *See generally* Common Pleas Op. Indeed, Common Pleas'

6

opinion does not discuss any form of estoppel at all, nor does it even mention "estoppel," and the opinion does not provide any analysis regarding either a variance by estoppel[5] or equitable estoppel. *Id.* A remand is needed so that Common Pleas can provide necessary findings and conclusions and analyze whether estoppel has been properly raised and, if so, whether the criteria for either equitable estoppel or variance by estoppel have been met.

Common Pleas discussed reliance by Pocono4Rent in the context of opining that Pocono4Rent would be prejudiced by retroactive application of the holding of *Slice of Life*, not as any purported reliance may relate to an equitable remedy. *See* Common Pleas Op.[6] Common Pleas did not discuss whether Pocono4Rent's purported reliance on an alleged pre-purchase communication with the Township's former Zoning Officer was reasonable, so as to give rise to any kind of estoppel against the Township's enforcement of the Zoning Ordinance. *See generally* Common Pleas Op. In fact, neither the Board nor Common Pleas provided any discussion or analysis concerning estoppel in this case.

Indeed, there is a question whether Pocono4Rent properly raised or preserved an estoppel argument. Its proposed findings and conclusions submitted to Common Pleas focused mainly on its argument that *Slice of Life* should not apply in this case. RR at 458a-59a. Only one paragraph in its proposed conclusions of law contained a bare averment that Pocono4Rent retained unspecified "equitable rights" to continue its rental practices "notwithstanding our Supreme Court's holding in *Slice of Life*. . . ." *Id.* at 459a. To the extent that the issue was developed before

---

[5] Notably, as the short-term rental use at issue here is not permitted under the Zoning Ordinance, a variance is required, but none appears to have been requested.

[6] That prejudice analysis was unnecessary because, as explained above, *Slice of Life* does not announce a new rule of law, so its application to pending cases is not improperly retroactive.

Common Pleas, it was the Township that did so in its response to Pocono4Rent's proposed findings and conclusions. *See id.* at 463a-68a.

Assuming, without deciding, that the issue was preserved, Common Pleas, if it intended to apply estoppel principles, needed to consider and address, with findings, conclusions, and legal analysis, a number of factors that it did not mention regarding whether Pocono4Rent reasonably relied on its agent's alleged pre-purchase inquiry to the Township's former Zoning Officer. Without Common Pleas' analysis of these factors, this Court cannot provide a meaningful review.

For example, the transcript of the hearing before Common Pleas reveals that the information provided by the former Zoning Officer was not as straightforward as Common Pleas' passing reference in its opinion suggests. The former Zoning Officer's response to an inquiry from Pocono4Rent's agent, Pam Cimeo (Cimeo), in June 2018 – notably, *after* the 2017 property purchase – did not say the specific proposed use was allowed under the Zoning Ordinance. As read into the record at the hearing, his email response actually said:

> Pam, as you know I am no lawyer, cannot give legal advice to anyone as the lawyers involved with the property purchase. From what I vaguely remember of any questions is that someone who buys a home, they can rent it. But once again, I'm not a lawyer and I do not give legal advice.

RR at 369a; *see also id.* at 366a-67a (identifying the email exchange as occurring after the purchase and as having been initiated by Cimeo because of notices of zoning violations). That is a far cry from an unequivocal approval of the proposed use, which was a building that could accommodate up to 30 unrelated people and would be used exclusively for transient rentals to such groups. Further, the record does not clearly show whether Cimeo asked the Zoning Officer specifically about

8

the precise proposed use and its extent. Describing her usual inquiry process, she stated: "I usually give them the pin number and say they would like to do short-term vacation rentals, is this allowed?" RR at 368a. It is not clear from this whether the Zoning Officer was informed that the proposed use was exclusively short-term rentals to transient groups of up to 30 unrelated people.[7] Common Pleas' opinion did not address or resolve this issue. However, it is important to note that to the extent Cimeo attempted to testify concerning a pre-purchase inquiry to the Zoning Officer, Common Pleas sustained objections to that testimony and should not have considered it. *See* RR at 364a & 368a-69a.

Moreover, as indicated above, the Zoning Ordinance language itself plainly limits occupancy of property in the applicable A-R Zone to no more than five unrelated persons, and then only as a housekeeping unit. *See* Zoning Ordinance, § 27-201 (2011) (defining a single-family detached dwelling as "designed for or occupied exclusively as a residence by one family" and a "family" as, in relevant part, "[a] group of not more than five persons, all or some of whom are not related . . . , living together in a single, nonprofit dwelling unit and maintaining a common household . . ."); *id.*, § 27-402, Schedule 27-I (permitting as a use in the A-R Zoning District, in pertinent part, "[s]ingle-family residential" use); *id.*, § 27-403 (providing that single-family residential use "[i]ncludes single-family detached dwellings"). As discussed below, Common Pleas needed to explain whether and how Pocono4Rent acted reasonably in ostensibly relying on an informal alleged comment from the

_____

[7] Township Supervisor Elaine Evans also testified that Pocono4Rent made substantial changes to the Property such that any alleged pre-purchase statement by the Zoning Officer may no longer have applied. RR at 346a ("You can't buy this house and five bedrooms, make it a nine bedroom house and then use it as a short-term rental because it's no longer what it was when you received the approval or for whatever exists in the [T]ownship at that time."). Notably, a five-bedroom house might potentially meet the five-person limit on unrelated occupants in the Agricultural-Residential (A-R) Zone, but a nine-bedroom house might not. *See* Zoning Ordinance.

9

Zoning Officer that, as applied to Pocono4Rent's proposed use, was contrary to the plain language of the Zoning Ordinance.[8]

Further, Common Pleas' opinion mentions only in passing the apparently undisputed fact that Pocono4Rent proceeded with its development expenditures without obtaining the necessary permits.[9] Common Pleas Op. at 1 & 3; *see also* RR at 347a-48a (testimony that no building permits were ever obtained). Pocono4Rent was responsible to know the applicable law concerning permit requirements. *Hafner v. Zoning Hearing Bd. of Allen Twp.*, 974 A.2d 1204, 1212 (Pa. Cmwlth. 2009) (citing *Hasage v. Phila. Zoning Bd. of Adjustment*, 202 A.2d 61, 64 (Pa. 1964)). Notably, in that regard, Common Pleas recognized that at least one permit, the Sewage Facilities Permit, for which Pocono4Rent applied only *after* it was cited for zoning and permit violations, was specifically denied by the Township *because of unresolved zoning issues*. Common Pleas Op. at 3; *see also* RR at 348a-50a. Common Pleas, however, concluded that the Zoning Officer's alleged statement was sufficient to show reliance by Pocono4Rent, without considering the totality of the contrary evidence. Common Pleas simply assumed that reliance equaled prejudice and entitled Pocono4Rent to prevail, without considering whether the reliance was reasonable. Common Pleas did not mention, much less discuss, any of this evidence.

---

[8] For example, listed amenities and reviews left by renting customers clearly indicated anticipated and actual use of the Property other than by families. RR at 115a (rental listing stating proms and weddings are allowed – although a different listing stated the Property would not be rented for proms, *see id.* at 128a); *id.* at 116a (indicating reviewers had rented the property for a November "friendsgiving," for a company event, and for a bachelor party); *id.* at 273a (reviews indicating reviewers had rented for a group of 29 friends and for a church youth group).

[9] Although the citations for permit violations are not before us in this case, the failure to obtain permits is still relevant to, e.g., the Township's lack of awareness of the change in use.

Notably, Common Pleas also did not analyze or apply the elements of any form of estoppel. In fact, Common Pleas did not clearly state whether it was considering any estoppel issue. Thus, it did not articulate and apply the elements of either equitable estoppel or variance by estoppel.

To establish equitable estoppel, a property owner must satisfy all of the requisite elements:

> Equitable estoppel is an unusual remedy granted only in extraordinary circumstances. [*Lamar Advantage GP Co. v. Zoning Hearing Bd. of Adjustment of City of Pittsburgh*, 997 A.2d 423, 441 (Pa. Cmwlth. 2010).] To establish equitable estoppel, a landowner must prove that "the municipality intentionally or negligently misrepresented its position with reason to know that the landowner would rely upon the misrepresentation." *Id.* Additionally, the landowner must establish the following elements of good faith action on his part: "'1) that he relies to his detriment, such as making substantial expenditures, 2) based upon an innocent belief that the use is permitted, and 3) that enforcement of the ordinance would result in hardship, ordinarily that the value of the expenditures would be lost.'" *Id.* (quoting *Vaughn v. Zoning Hearing Bd. of Twp. of Shaler*, 947 A.2d 218, 224-[]25 (Pa. Cmwlth. 2008)) (internal brackets omitted).

*Victory Gardens, Inc. v. Warrington Twp. Zoning Hearing Bd.*, 224 A.3d 1110, 1115 (Pa. Cmwlth. 2020). To obtain a variance by estoppel, a property owner must establish all four of the requisite elements:

> (1) a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use; (2) the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceeding; (3) the landowner has made substantial expenditures in reliance upon his belief that his use was permitted; and (4) denial of the variance would impose an unnecessary hardship on the applicant.

11

*Borough of Dormont v. Zoning Hearing Bd. of Borough of Dormont*, 850 A.2d 826, 828 (Pa. Cmwlth. 2004) (citations omitted). Establishing either form of estoppel requires clear, precise, and unequivocal evidence. *Victory Gardens*, 224 A.3d at 1115 (equitable estoppel); *Pietropaolo v. Zoning Hearing Bd. of Lower Merion Twp.*, 979 A.2d 969, 980 (Pa. Cmwlth. 2009) (variance by estoppel). Without analysis or a legal conclusion by Common Pleas regarding either form of estoppel, this Court has nothing before it concerning estoppel to review on appeal.

Notably, however, both this Court and our Supreme Court have held that without reviewing the relevant zoning ordinance, a property owner cannot establish the good faith reliance necessary for a variance by estoppel by merely asserting that an inquiry was made to a zoning officer. *See Hafner*, 974 A.2d at 1212 (citing *Hasage*, 202 A.2d at 64 (holding that a landowner has a duty to check the zoning status of a property prior to purchase and that where landowner fails to review the relevant zoning ordinance before purchasing a property, he may not claim ignorance in support of a variance by estoppel)). Here, Cimeo, Pocono4Rent's agent who was assigned the task of determining whether the proposed use was allowed, testified that she "skimmed" an "outline" of the Zoning Ordinance, but that "[i]t's not up to [her] to read ordinances." RR at 371a-72a. Common Pleas' opinion fails to explain what evidence exists in the record concerning the Zoning Ordinance review by Pocono4Rent that is necessary to support estoppel relief.

Further, a "variance by estoppel" arises where there has been municipal inaction amounting to active acquiescence in an illegal use, while an "equitable estoppel" arises where the municipality has intentionally or negligently misrepresented its position with reason to know that the landowner would rely upon that misrepresentation. *Vaughn*, 947 A.2d at 225. Here, there was evidence that the

12

Township was not aware of the use being made of the Property and took enforcement action promptly and repeatedly after learning of it from neighbors' complaints. *See, e.g.*, RR at 9a, 263a-66a, 269a-72a, 397a-98a, 402a-03a. This raises at least a question whether the Township acquiesced in the illegal use. As explained above, there is also at least a question of the equivocal nature of the Zoning Officer's purported statement, which in turn raises questions of whether there was any misrepresentation by the Township and whether Pocono4Rent could reasonably have relied on any alleged representation. *See* RR at 369a. Because Common Pleas provided neither findings and conclusions nor any analysis regarding estoppel, it is not clear which, if either, form of estoppel Common Pleas intended to apply, and this Court has no basis on which to determine whether Common Pleas' decision was correct.

*Panzone v. Fayette County Zoning Hearing Board*, 944 A.2d 817 (Pa. Cmwlth. 2008), involved a similar situation. There, a common pleas court granted a variance by estoppel but did not provide a sufficient supporting analysis to allow meaningful appellate review. This Court observed that

> [the court of c]ommon [p]leas was required to issue a decision containing findings of fact and conclusions of law so as to explain its rationale for granting the variance by estoppel. In the absence of such determinations, appellate review cannot properly be conducted. Therefore, a remand is necessary for [the court of c]ommon [p]leas to issue a decision that contains appropriate factual findings and legal conclusions.

*Id.* at 823. Here, unlike the court in *Panzone*, Common Pleas did not expressly conclude that any form of estoppel applied; rather, its discussion of reliance by Pocono4Rent related to the analysis of retroactive application of the holding of *Slice of Life*, not to estoppel principles. Thus, it is even clearer here than in *Panzone* that

13

Common Pleas' opinion is insufficient for meaningful appellate review. Here, as in *Panzone*, without findings, conclusions, or analysis from Common Pleas in the first instance, this Court has nothing to review concerning the estoppel issue, and it is not this Court's function to act as Common Pleas to reach the initial conclusion concerning estoppel. Therefore, for these reasons, a remand is necessary to allow Common Pleas to provide necessary findings of fact and conclusions of law and analyze whether the criteria for either form of estoppel have been met or, indeed, whether Common Pleas even intended to consider any form of estoppel.

## IV. Conclusion

Based on the foregoing discussion, we reverse that portion of Common Pleas' order concluding that the Zoning Ordinance allows the exclusively short-term rental use being made of the Property by Pocono4Rent. We vacate that portion of Common Pleas' order concluding that the Township is estopped from enforcing the Zoning Ordinance against Pocono4Rent. We remand this matter to Common Pleas for further analysis and a new decision consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thornhurst Township, : 
               Appellant : 
  :
  :
     v. : 
  :
Thornhurst Township Zoning Hearing :    No. 1071 C.D. 2021
Board and Pocono4Rent :

# **O R D E R**

AND NOW, this 10th day of December, 2024, the August 31, 2021 order (Order) of the Court of Common Pleas of Lackawanna County (Common Pleas) is REVERSED IN PART to the extent it concluded that the Thornhurst Township Zoning Ordinance (Zoning Ordinance) allows the real property of Pocono4Rent, located at 15 Coombe Court in Thornhurst Township (Property), to be used for exclusively short-term rentals to unrelated groups of up to 30 people.

The Order is VACATED IN PART to the extent it concluded that Thornhurst Township is estopped from enforcing the Zoning Ordinance against Pocono4Rent with respect to the Property.

This matter is REMANDED to Common Pleas for further analysis and a new decision consistent with this opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thornhurst Township,         :
              Appellant      :
                           :
         v.              :    No. 1071 C.D. 2021
                           :    ARGUED: November 14, 2022[1]
Thornhurst Township Zoning Hearing   :
Board and Pocono4Rent         :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## <u>OPINION NOT REPORTED</u>

## CONCURRING AND DISSENTING OPINION BY
## SENIOR JUDGE LEADBETTER           FILED: December 10, 2024

        I agree with the Majority's analysis of the *Slice of Life*[2] decision and its conclusion that the Zoning Ordinance[3] does not allow for the use of transient short-term rentals. Respectfully, however, I dissent to that portion of the Majority's opinion pertaining to estoppel and its conclusion that the trial court did not render a ruling. In determining that Landowner, Pocono4Rent,[4] relied on Thornhurst Township's representations, the trial court credited Eugene Bykhovski's testimony

---

[1] Following oral argument on November 14, 2022, this case went into the Court's mediation program without the participation of any of the judges. Despite the best efforts of the Court's Deputy Chief Legal Counsel for Mediation, the mediation officially ended June 27, 2024. Consequently, the case is ripe for a decision on its merits.

[2] *Slice of Life, LLC v. Hamilton Twp. Zoning Hr'g Bd.*, 207 A.3d 886 (Pa. 2019).

[3] THORNHURST TWP., PA. CODE OF ORDINANCES, CH. 27 ZONING (2011).

[4] Eugene Bykhovski testified that Pocono4Rent consists of two members: himself and another person.

that Pocono4Rent invested approximately $537,191 in the property, including the purchase price and renovations, in reliance on the lack of any short-term rental ordinance and a statement attributed to William Imhoff, a former Township zoning officer who did not testify at either hearing. Oct. 22, 2021 Trial Ct. Op. at 2. The trial court also referenced the testimony of Township Supervisor Elaine Evans regarding Mr. Bykhovski's reliance, stating:

> Mrs. Evans testified that a previous [ ] [T]ownship [zoning officer], Mr. Imhoff, informed her that a realtor for Pocono4Rent approached [Mr. Imhoff] in 2017 to determine if short-term rentals were allowed on the Coombe [Court] property and Mr. Imhoff responded by stating, "Yes, because it was a single-family dwelling."

*Id*. at 4-5.

Pocono4Rent's realtor was Pam Cimeo, who testified that she had worked with Mr. Bykhovski since 2011, that he had purchased properties in the past, and that part of her job was to investigate whether a particular property would work for the desired purpose. Oct. 2, 2020 Trial Ct. Hearing, Notes of Testimony at 29; Reproduced Record (R.R.) at 363a. As part of her process, Ms. Cimeo testified that she searches the internet but does not review any zoning ordinances. Instead, she telephones the zoning officer for information on his or her township. *Id*. at 29-30, 36-37; R.R. at 363a-64a, 370a-71a. As for the subject property, she testified that, in addition to checking the internet, she had a telephone conversation with Mr. Imhoff to ascertain whether short-term rentals were permitted on the property. *Id*. at 30; R.R. at 364a. As a result of her investigation, she advised Mr. Bykhovski that they were permitted.

We are bound by the trial court's credibility findings and, according to the credited testimony, Pocono4Rent established that it made a good faith effort to ascertain whether its planned use of the property was permitted. *Richland Twp. v. Hellerman*, 373 A.2d 1367 (Pa. Cmwlth. 1977) (when acting as factfinder, it is the province of a trial court to weigh conflicting testimony and determine credibility). Further, the representations that were conveyed to Pocono4Rent were that short-term rentals were permitted in single-family dwellings and that there was no short-term rental ordinance. In reliance on that understanding, Pocono4Rent expended a large amount of money to purchase and renovate the property for the intended use. Consequently, equitable estoppel applies here.

Accordingly, I do not believe a remand is necessary. Rather, I would affirm, based on the ground that the Township is estopped from enforcing the Zoning Ordinance against Pocono4Rent with respect to the property located at 15 Coombe Court, Thornhurst Township.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita