**DOMIJO, LLC, d/b/a Treesmiths Utility Arborists and Spring Brook Township Zoning Hearing Board**

**v.**

**Randy and Tamara McLAIN and John and Jeanette Shelly and Dorothy McLain and John and Dolores Butler, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.

Decided April 18, 2012.

Christopher P. Cullen, Scranton, for appellants.

Karoline Mehalchick, Clarks Summit, for appellees DoMiJo, LLC, d/b/a Treesmiths Utility Arborists.

BEFORE: SIMPSON, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

In this zoning appeal, Objectors[1] ask whether the Court of Common Pleas of Lackawanna County (trial court) erred in reversing the decision of the Spring Brook Township Zoning Hearing Board (ZHB) to deny DoMiJo, LLC (Applicant) a certificate of nonconforming use. Objectors contend the trial court erred in determining that Applicant was eligible for a certificate of nonconforming use and in determining a legal nonconforming use existed on its property. Additionally, Objectors assert the trial court erred in declining to quash Applicant's notice of appeal as insufficiently specific. Upon review, we affirm.

## I. Background

Applicant purchased a property located at 1138 State Route 502 in Spring Brook Township, Lackawanna County (subject property) from Marlyn Benjamin (Benjamin) in 2007. Prior to the sale of the subject property, Benjamin used the property for commercial purposes despite the fact it lies within an R–1 Low Density Residential zoning district. In contemplation of the sale, Benjamin applied for and received a certificate of nonconforming use for the subject property (Benjamin Certificate).

Applicant continues to operate the subject property in a manner similar to Benjamin's prior use in nonconformance with the Spring Brook Township Zoning Ordi-

---

1. Objectors are Randy and Tamara McLain, John and Jeanette Shelly, Dorothy McLain, and John and Dolores Butler.

nance (Ordinance). Applicant did not re-register the nonconforming use within 60 days of purchasing the subject property.

In 2009, Applicant requested a certificate of nonconforming use from the Spring Brook Township Zoning Officer (ZO). The ZO denied Applicant's request, and Applicant did not appeal. Thereafter, in 2010, Applicant again applied to the ZO for a certificate of nonconforming use. The ZO again denied the request, relying on the re-registration requirement contained in Section 7.600 of the Ordinance.[2] Specifically, the ZO determined Applicant was not entitled to a certificate of nonconforming use because its request was beyond the 60–day timeframe for a property buyer to re-register an existing nonconforming use. Applicant appealed to the ZHB, and a hearing ensued.

Before the ZHB, Applicant argued it had a right to continue the nonconforming use on the subject property and to be issued a corresponding certificate, regardless of whether it complied with the Ordinance's re-registration requirement. As evidence of the existence and legality of the purported nonconforming use, Applicant introduced the Benjamin Certificate, the testimony of the ZO who issued the Benjamin Certificate, and testimony of one of its owners.

Objectors attended the ZHB hearing. Objectors argued the ZHB should deny Applicant a certificate because it failed to re-register the nonconforming use within 60 days of purchasing the subject property. Furthermore, Objectors claimed the Benjamin Certificate was improperly issued; therefore, it could not justify the issuance of a subsequent certificate of nonconforming use to Applicant.

The ZHB upheld the ZO's decision. The ZHB agreed Applicant's failure to timely re-register the nonconforming use precluded Applicant from receiving a certificate after the 60–day re-registration deadline.

Applicant appealed to the trial court, and it filed a motion to stay the ZHB's order pending appeal.[3] In response, Objectors intervened. They also filed a motion to quash Applicant's notice of appeal and a motion to strike Applicant's motion to stay.

As a preliminary matter, the trial court first addressed Objectors' motion to quash. Based on this Court's holding in *Great Valley School District v. Zoning Hearing Board of East Whiteland Township*, 863 A.2d 74 (Pa.Cmwlth.2004), the trial court determined Applicant's notice of appeal complied with the specificity requirements contained in Section 1003–A(a) of the Municipalities Planning Code (MPC).[4] Thus, it denied Objectors' motion to quash.

Next, without taking additional evidence, the trial court considered whether Applicant was entitled to a certificate of nonconforming use despite failing to timely re-

---

**2.** Section 7.600 of the Ordinance provides:
Whenever a lot is sold to a new owner, a previous lawful nonconforming use may be continued by the new owner. However, the new owner shall reregister the nonconforming use within sixty (60) days after final settlement.

**3.** In their briefs, the parties do not explain why Applicant sought a certificate two years after purchasing the property. However, based on our review of the record, it appears

Applicant applied for a certificate of nonconforming use to defend against an enforcement action filed by Objectors to enjoin Applicant's current use of the subject property. Original Record at 8 Ex–1. It similarly appears that Applicant's motion to stay was in contemplation of this enforcement action.

**4.** Act of July 31, 1968, P.L. 805, *as amended, added by* the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A(a).

register the nonconforming use. At the outset, the trial court acknowledged that maintaining a legal nonconforming use is a property interest that runs with the land so long as the use is not abandoned. Thereafter, the trial court determined Applicant's noncompliance with the Ordinance's re-registration requirement did not constitute abandonment of the nonconforming use. Therefore, failure to re-register did not preclude continuation of the use. Furthermore, the trial court determined Applicant was entitled to a certificate of nonconforming use. Additionally, the trial court determined Applicant's motion to stay was moot. Objectors appeal to this Court.

## II. Issues

 On appeal,[5] Objectors renew their motion to quash argument, that Applicant's notice of appeal to the trial court insufficiently specified the grounds at issue. As to the merits, Objectors argue the trial court erred in reversing the ZHB because the ZHB's findings were supported by substantial evidence, and the ZHB did not commit an error of law. Also, Objectors argue the underlying Benjamin Certificate was not valid and cannot form the basis for granting Applicant a certificate of nonconforming use.

## III. Discussion

### A. Applicant's Notice of Appeal

 Section 1003–A(a) of the MPC requires a party appealing a zoning hearing board determination to concisely set forth the grounds for its appeal in its notice of appeal. *Perin v. Bd. of Supervi-*

*sors of Washington Twp.*, 128 Pa.Cmwlth. 313, 563 A.2d 576 (1989). "[A]lthough 'grounds' may include reasoning and conclusions, the indispensable element ... is an allegation of fact or facts that form the basis of the claim." *Id.* at 579. Boilerplate allegations or mere conclusory statements are insufficient to state a ground for appeal. *Great Valley Sch. Dist.*

In *Great Valley School District,* this Court considered whether a notice of appeal contained sufficiently specific grounds to effectively appeal a denial of a variance request and a special exception. There, the appellant's notice of appeal stated, in pertinent part:

> This appeal is based upon the [b]oard's failure to grant the requested variance, and the [b]oard's failure to properly apply *Hertzberg v. City of Pittsburgh,* 554 Pa. 249, 721 A.2d 43 (Pa.1998) and other authorities cited by [the a]ppellant.
>
> \* \* \*
>
> This appeal is based upon the failure of the [board] to grant the requested special exception in accordance with the standards set forth in [the ordinance], as well as applicable Pennsylvania law.

*Id.* at 82. The trial court in *Great Valley School District* concluded the notice of appeal was sufficiently specific in describing the grounds for appeal, and we agreed. *Id.*

Here, Applicant's notice of appeal states:

> 1. This Appeal is based upon the [ZHB's] failure to grant [Applicant's] request for a certificate of non-conforming use.

5. Where the parties present no additional evidence to the trial court, our review is limited to determining whether the ZHB committed an abuse of discretion or an error of law. *Good v. Zoning Hearing Bd. of Heidelberg Twp.,* 967 A.2d 421 (Pa.Cmwlth.2009). Where this appeal presents a procedural question raised properly for the first time before the trial court, this Court reviews whether the trial court committed an abuse of discretion or error of law on that issue. *Gall v. Zoning Hearing Bd. of Upper Milford Twp.,* 723 A.2d 758 (Pa.Cmwlth.1999).

2. Specifically, the [ZHB] denied [Applicant's] request for a certificate of nonconforming use because it concluded that 'the Applicant did not seek to register within sixty (60) days after acquiring the [subject property.'

3. The [ZHB's] denial of [Applicant's] request for a certificate of non-conforming use is in direct conflict with the [MPC] and applicable Pennsylvania case law.

Reproduced Record (R.R.) at 49a–50a.[6] Thus, Applicant's notice of appeal indicated the issue was whether the ZHB erred in denying Applicant's request for a certificate of nonconforming use. The ground, or fact, for raising this issue was that the ZHB denied Applicant a certificate because it did not re-register its nonconforming use within 60 days of purchasing the subject property. Because Applicant's notice of appeal sufficiently places parties and the trial court on notice of the issue on appeal and its grounds, the trial court did not err in denying Objectors' motion to quash. *See Great Valley School Dist.*

### B. Applicant's Certificate of Nonconforming Use

■ Next, we address whether the ZHB erred in interpreting the Ordinance and applying Pennsylvania law regarding nonconforming uses. In so doing, we consider two distinct, but associated, issues: (1) the state of Applicant's property right to continue a nonconforming use, and (2) whether, pursuant to the Ordinance, the ZHB must issue a certificate evidencing Applicant's right.

■■ A lawful nonconforming use is a use predating the enactment of a prohibitory zoning restriction. *Hafner v. Zoning Hearing Bd. of Allen Twp.*, 974 A.2d 1204

(Pa.Cmwlth.2009). Where a legal conforming use exists the right to continue such use is afforded the constitutional protections of due process. *Smalley v. Zoning Hearing Bd. of Middletown Twp.*, 575 Pa. 85, 834 A.2d 535 (2003). As such, a property owner's right to continue operating a legal nonconforming use on its property is an interest that runs with the land, so long as the use is not abandoned. *Pietropaolo v. Zoning Hearing Bd. of Lower Merion Twp.*, 979 A.2d 969 (Pa.Cmwlth. 2009). In order to prove abandonment, a challenging party bears the burden to establish a period of discontinuance and an intent to abandon. *Action Audio Serv., Inc. v. Zoning Hearing Bd. of Upper Darby Twp.*, 699 A.2d 1375 (Pa.Cmwlth.1997).

■ In contrast, a certificate of nonconforming use is personal to the current property owner and signifies the existence of the nonconforming use on the land. *See* § 10.500(F) ("[i]ssuance of a [c]ertificate of [n]onconformance provides a record of the creation and existence of a lawful nonconformance use . . . and establishes the owner's rights to continue such nonconformance"). A certificate can be used, as Benjamin did, to facilitate a conveyance. Additionally, a certificate can be used to defend against a zoning enforcement action in equity. *See Pfeffer v. Hopewell Twp.*, 60 Pa.Cmwlth. 399, 431 A.2d 1149 (1981) (having failed to use an available legal process to receive a certificate of nonconforming use, the party in equity cannot defend against an enforcement action by collaterally proving a right to one).

Pursuant to the Ordinance, owners of land on which lawful nonconforming uses exist are offered a process to obtain certificates of nonconforming use. In particu-

---

**6.** The pagination of Applicant's reproduced record does not comply with Pennsylvania Rule of Appellate Procedure 2173; however, we include the proper lower case "a" in our citations for purpose of uniformity.

lar, Section 10.500(F) of the Ordinance describes the initial process of applying for a certificate, which may be issued without a hearing by the ZO.[7] Furthermore, Section 10.110(B) provides a process by which an applicant can appeal to the ZHB a ZO's refusal to issue a certificate. In addition, Section 7.600 of the Ordinance contains the supplemental requirement that a purchaser of property subject to a nonconforming use re-register that nonconforming use within 60 days of purchasing the property. None of these provisions specifies the consequences of failing to comply with the Ordinance. Certainly, no provision contains a hint that the right to continue a nonconforming use could be lost by mere failure to register or re-register, and it is doubtful that such a consequence would pass constitutional scrutiny. *See Smalley;* Robert S. Ryan, *Pennsylvania Zoning Law and Practice,* § 7.1.9 (2009); *see generally PA Nw. Distrib., Inc. v. Zoning Hearing Bd. of Twp. of Moon,* 526 Pa. 186, 584 A.2d 1372 (1991) (holding an amortization provision of a zoning ordinance facially unconstitutional in requiring the vacation of a nonconforming use within an arbitrary time period without just compensation).

■■■■ A certificate proves the existence of a nonconforming use. The mere absence of a certificate does not deprive the landowner of his right to continue a lawful nonconforming use. Rather, in an administrative proceeding such as this, absence of a certificate generally deprives a landowner of the most efficient method of proving the existence of the use, and shifts to the landowner the burdens of proof and persuasion. In short, a certificate represents a procedural advantage, not an independent property right. Conversely, the lack of a certificate results in a procedural disadvantage and not in the loss of a property right.

Here, the ZHB determined Applicant was not entitled to continue the nonconforming use because it failed to timely re-register the use after purchasing the subject property. The ZHB erred in reaching this legal conclusion. Because the right to continue a nonconforming use arises from constitutional protections and not from regulatory provisions, the right cannot be lost in this way.

Also, the plain language of the Ordinance does not require such a result, as it does not disclose the consequences for a property owner's failure to timely re-register its nonconforming use. *Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.,* 567 Pa. 514, 788 A.2d 955 (2001) (a court must be equally attentive to what a statute says and does not say). Rather, consistent with the Ordinance's registration scheme, Applicant was penalized for its failure to timely re-register the use by being unable to obtain re-issuance of the certificate

---

7. Section 10.500(F) of the Ordinance states in pertinent part:

The owner of a nonconforming lot … may apply for a certification of Nonconformance from the [ZO]. …

The [ZO] shall examine such evidence and information provided on the application and, if the evidence confirms to his or her satisfaction such preexisting lawful nonconformance, the [ZO] shall issue a Certificate of Nonconformance. If however, the evidence and information provided does not establish, to the Zoning Officer's satisfaction the existence of the lawful nonconformance of the effective date of the Zoning Ordinance or clearly establish a type or extent of the nonconformance, the [ZO] shall not issue a Certificate of Nonconformance. The [ZO]'s decision may be appealed by the applicant or an interested party to the [ZHB]. Issuance of a Certificate of Nonconformance provides a record of the creation and existence of a lawful nonconformance use … and establishes the owner's rights to continue such nonconformance in compliance with the requirements of the [Ordinance].

without a hearing pursuant to Section 7.600 of the Ordinance. Thus, Applicant had to reprove the existence and lawfulness of the nonconforming use at an adversarial hearing at which it bore the risk of non-persuasion.

■ We next address whether Applicant factually established a right to a new nonconforming use certificate. Applicant needed to prove the existence and legality of the nonconforming use prior to the enactment of the prohibitory ordinance, as Benjamin did, and Applicant needed to establish its ongoing continuation of the use. *See Hager v. W. Rockhill Twp. Zoning Bd.,* 795 A.2d 1104 (Pa.Cmwlth.2002) (the manner of use and the dates of its existence are questions of fact); *Lantos v. Zoning Hearing Bd. of Haverford Twp.,* 153 Pa.Cmwlth. 591, 621 A.2d 1208 (1993).

Based on the ZHB's findings, Applicant established there was a valid and lawful nonconforming use on the subject property prior to the enactment of the Ordinance. ZHB Op., 2/22/11, Finding of Fact (F.F.) No. 6. Applicant did so by introducing the Benjamin Certificate and addendum, and by offering the testimony of the issuing ZO. Notes of Testimony (N.T.), 1/11/11, 43–44; R.R. at 100–101a. Furthermore, through the testimony of one its owners, Applicant established it continues a nonconforming use. F.F. No. 6; N.T. at 15–18. Objectors presented evidence to the contrary, but the ZHB rejected it. Thus, substantial evidence supports the necessary ZHB findings to grant Applicant a new certificate of nonconforming use. *See Hafner, Hager.* Consequently, Applicant is entitled to a new certificate of nonconforming use, and Objectors' argument is without merit.

### C. Benjamin's Certificate of Nonconforming Use

■ Lastly, we consider Objectors' contention that the Benjamin Certificate is a nullity since it was not issued by the ZHB, and thus, cannot be transferred to Applicant or used as evidence of the prior existence of the nonconforming use on the subject property.

Contrary to Objectors' argument, pursuant to Section 10.500(F) of the Ordinance, a certificate of nonconforming use may be issued upon application to the ZO without the involvement of the ZHB. The ZHB's involvement in the issuance of a certificate of nonconforming use is only necessary where the ZO initially denies the property owner's application and the applicant appeals under Section 10.200 of the Ordinance.

Here, the ZO issued the Benjamin Certificate at a meeting of the Board of Supervisors. F.F. No. 6; N.T. at 15–17, 43–44. As such, the Benjamin Certificate did not arise out of an appeal to the ZHB; therefore, the ZO at the request of the Board of Supervisors, not the ZHB, was the issuing entity. *See also Falkler v. Lower Windsor Twp. Zoning Hearing Bd.,* 988 A.2d 764 (Pa.Cmwlth.2010) (neither the ordinance nor the MPC requires notice or a public hearing before the issuance of a certificate of nonconforming use). Because such activity is not precluded by the Ordinance, the ZHB did not err in weighing the Benjamin Certificate as evidence of whether the subject property operated as a legal nonconforming use. For these reasons, we reject Objectors' argument on this issue.

For all these reasons, we affirm.

### ORDER

**AND NOW,** this 18th day of April, 2012, the order of the Court of Common Pleas of Lackawanna County is **AFFIRMED.**