**TKO REALTY, LLC, Appellant**

v.

**ZONING HEARING BOARD OF THE CITY OF SCRANTON.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2013.

Decided Oct. 18, 2013.

Jonathan E. Olivetti, Scranton, for appellant.

Daniel L. Penetar, Jr., Scranton, for appellee.

BEFORE: PELLEGRINI, President Judge, COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

TKO Realty, LLC (TKO) appeals from the September 26, 2012, order of the Court of Common Pleas of Lackawanna County (trial court) affirming the decision of the Zoning Hearing Board of the City of Scranton (ZHB) denying TKO a building permit to rehabilitate a structure into a three-unit dwelling. We reverse.

TKO owns property at 721–723 Columbia Street in the City of Scranton (City). The property is zoned R1–A and permits single-family or twin semi-detached homes. The property was condemned on October 6, 2008, and purchased by TKO on May 28, 2009.

Shortly after purchasing the property, TKO applied for a permit to use the structure as a five-unit dwelling. The City zoning officer denied the application on the basis that a five-unit dwelling did not comply with the 1993 Zoning Ordinance (1993 Ordinance) and that the prior owner's use of the building as a five-unit structure had been abandoned for at least six months.

TKO appealed to the ZHB challenging the zoning officer's determination and alternatively seeking a variance to use the property as a four-unit dwelling. The ZHB denied the appeal and variance, concluding that "there was no legal [five-unit] nonconforming use which had not been abandoned." (ZHB Decision, 12/9/09, at ¶ 22.) The ZHB stated that TKO failed "to show that there were ever more than three (3) legal nonconforming units ...."

(*Id.*) TKO appealed to the trial court, which affirmed. TKO appealed to this court.

In *TKO Realty, LLC v. Zoning Hearing Board of the City of Scranton,* 2011 WL 10858406 (Pa.Cmwlth., No. 2225 C.D.2010, filed July 1, 2011), this court observed that TKO did not produce evidence showing the use of the property as a lawful five-unit dwelling before enactment of the prohibitory zoning restriction. *Id.,* slip op. at 3–4. "Therefore, substantial evidence was not presented to prove that the non-conforming use as a 5–unit building was lawfully created." *Id.,* slip op. at 4.

Thereafter, in August 2011, TKO reapplied for a building permit seeking to rehabilitate the structure into a three-unit dwelling and to register the structure as a three-unit dwelling under the City Rental Registration Ordinance. The City zoning officer refused the request, and TKO appealed to the ZHB.

At the hearing before the ZHB, TKO presented evidence that under the 1924 Zoning Ordinance, the property was zoned "A," in which apartments were a legal, conforming use. TKO also presented an assessment card from the Lackawanna County Assessor's Office, dating back to 1960, which showed the property assessed as three units. The 1965 Zoning Ordinance (1965 Ordinance) reclassified the district as R1–A, making apartment buildings a nonconforming use.

The ZHB issued a decision concluding that "[a]s to the issue of the three (3) unit use being a legal nonconforming use and on the issue of abandonment, the [ZHB] ... den[ied] the appeal ... finding that the multi-use had been abandoned and that it was vacant and condemned for more than six (6) months." (ZHB's Deci-

sion, 1/11/12, at ¶ 17.) On appeal, the trial court affirmed. This appeal followed.[1]

We agree with TKO that it established a pre-existing nonconforming use under the 1965 Ordinance and subsequent Ordinances and that the nonconforming three-unit dwelling has not been abandoned.

■■■ The burden is on a property owner to establish the existence of a prior nonconforming use. *Bevans v. Township of Hilltown*, 72 Pa.Cmwlth. 227, 457 A.2d 977, 981 (1983). "A pre-existing nonconforming use arises when a lawful existing use is subsequently barred by a change in the zoning ordinance." *Hager v. West Rockhill Township Zoning Hearing Board*, 795 A.2d 1104, 1110 (Pa.Cmwlth. 2002).

■■■ TKO maintains that it presented evidence showing that the property was listed on the 1918 City Atlas as a multi-unit structure. The 1924 City zoning map placed the property in the "A" district, which permitted apartments. An assessment card from the Lackawanna County Assessor's Office in 1960 shows the property was assessed as a "three family" dwelling. The 1965 Ordinance reclassified the zoning district, and apartments became a legal non-conforming use. Evidence also showed that the City collected garbage fees on five units, the property has five electric meters and telephone lines, and also has three gas meters. Moreover, the property has been assessed and taxed as a three-unit dwelling since at least 1960 and continues to be assessed and taxed as a three-unit dwelling to this date.

The City maintains that TKO never established a lawful nonconforming use.[2] Section 806.B.1 of the 1993 Ordinance provides:

It shall be the responsibility of a party asserting a nonconformity to provide evidence that the nonconformity was lawfully created and was and continues to be in compliance with all city laws, regulations and codes in effect at the time it was created and thereafter. With respect to nonconforming dwelling units, in addition to the above requirements, evidence must be provided to show that the use is in compliance with the Rental Registration Ordinance ... or any successor ordinance and the dwelling units are in compliance with all building codes.

Failure to properly register the property in accordance with said Rental Registration Ordinance or any successor ordinance, the failure to maintain said registration, or the failure to maintain the premises in compliance with all building codes shall be considered both an intent to abandon the nonconforming use and an actual abandonment of such nonconforming use and shall make any subsequent nonconforming use illegal.

A property owner may request a written statement of nonconformity from the Zoning Officer after providing sufficient evidence as stated above. The Zoning Officer may, but is not required to, prepare a partial or complete list of existing non-conformities.

Relying on the present Ordinance, which was passed in 1993, the City argues that

---

1. Where, as here, the trial court does not take additional evidence, this court's review is limited to determining whether the ZHB committed an error of law or abused its discretion. *Money v. Zoning Hearing Board of Haverford Township*, 755 A.2d 732, 735 n. 3 (Pa. Cmwlth.2000).

2. TKO argues that the City did not raise the issue of the lawfulness of the three-unit dwelling before the ZHB. As this court stated in *TKO*, however, the Ordinance provides that the party asserting the non-conforming use must prove that the non-conforming use is legal. *TKO*, slip op. at 3.

TKO had the burden of proving that since 1993, the property had been used as a three-unit dwelling. Although TKO presented tax assessment information showing a "multi-dwelling" on the property, and a 1960 tax assessment card showing the property as a "three-family" dwelling, the City argues that TKO failed to present testimony from any neighbors or tenants that the property had been used as a three-unit dwelling since 1993. Moreover, the City argues that TKO and its predecessors did not register the units under the Rental Registration Ordinance and did not seek a written statement of nonconformity from the zoning officer.

We agree with TKO, however, that it has proven that since at least 1960, the property has been used as a legal three-unit dwelling and that the use became nonconforming upon the passage of the 1965 Ordinance. Use of the property as a three-unit dwelling predated the enactment of the prohibitory zoning restrictions and, as such, is a lawful nonconforming use. *See Hafner v. Zoning Hearing Board of Allen Township*, 974 A.2d 1204, 1210–11 (Pa.Cmwlth.2009). Moreover, the ZHB's 2009 decision addressing TKO's request for a five-unit complex recognized that TKO established the existence of three lawful, nonconforming units.

■ Moreover, although TKO did not seek a certificate of nonconformance from the zoning officer, "[t]he mere absence of a certificate does not deprive the landowner of his right to continue a lawful nonconforming use." *DoMiJo, LLC v. McLain*, 41 A.3d 967, 973 (Pa.Cmwlth.2012). Similarly, failure to register in accordance with the Registration Rental Ordinance, a nonzoning ordinance, cannot deprive a property owner of the right to continue the use.

■■ We also agree with TKO that the nonconforming use was not abandoned. "[T]he right to continue a nonconforming use arises from constitutional protections." *Id. at* 973. Continuation of a legal nonconforming use "runs with the land, so long as the use is not abandoned." *Id.* A party asserting abandonment has the burden to prove both that the landowner intended to abandon the use and that the use was actually abandoned. *Zitelli v. Zoning Hearing Board of the Borough of Munhall*, 850 A.2d 769, 771 (Pa.Cmwlth.2004).

As to abandonment, Section 806.E.1 of the 1993 Ordinance states:

> If a nonconforming use of a building or land is discontinued for a period of 6 months or more, or is discontinued for a period of 12 or more months in any 2 year period the use is considered abandoned. . . .

> Regarding residential properties, failure to properly register the property in accordance with the Rental Registration Ordinance . . . or any successor ordinance, maintain said registration and maintain the premises in conformance with City building codes shall be considered intent to abandon the nonconforming use.

■ The City correctly states that the property was vacant from at least October 6, 2008, when it was condemned, until TKO purchased the property on May 28, 2009. The City further argues that a zoning ordinance may establish a presumption of intent to abandon by incorporating a discontinuation provision. A discontinuation provision provides that the lapse of a designated period of time is sufficient to establish the intent to abandon a nonconforming use. *See, e.g., Zitelli*, 850 A.2d at 771. Although the City showed an intent to abandon, no actual abandonment occurred.

■ The prior owner involuntarily vacated the structure due to foreclosure, and the City thereafter condemned it. *TKO*, slip op. at 1, 6. Where discontinuance

of a use occurs because of events beyond the owner's control, such as financial inability, there is no actual abandonment. *Metzger v. Bensalem Township Zoning Hearing Board,* 165 Pa.Cmwlth. 351, 645 A.2d 369, 371 (1994). Moreover, failure to register a nonconforming use does not constitute an abandonment of that use. *Appeal of Suburban General Hospital,* 48 Pa.Cmwlth. 273, 410 A.2d 85, 87–88 (1980).

Accordingly, because TKO established a legal three-unit nonconforming use and there was no actual abandonment of that use, we reverse the order of the trial court.

*ORDER*

AND NOW, this *18th* day of *October,* 2013, we hereby reverse the September 26, 2012, order of the Court of Common Pleas of Lackawanna County.