# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yousuf Ghafoori,                          :
                    Appellant              :
                                           :
          v.                               :    No. 1573 C.D. 2024
                                           :    ARGUED:  April 13, 2026
Hamilton Township Zoning Hearing           :
Board and Hamilton Township                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                          **FILED:  May 13, 2026**


Appellant, Yousuf Ghafoori, appeals from an order of the Court of Common Pleas of Monroe County, dismissing his appeal from the decision of the Zoning Hearing Board of Hamilton Township.  The Board's decision denied Ghafoori's consolidated appeals from the Zoning Officer's notice of violation and the denial of his application for a certificate of non-conformance.  For the following reasons, we affirm.

The facts underlying this appeal are undisputed.[1]  Ghafoori is a resident of New York, where he owns multiple properties.  In September 2021, Ghafoori purchased the property at 2525 Route 209, Sciota, Pennsylvania, located in the Township's C (commercial) zoning district.  The property is approximately 5.85

---

[1] Unless stated otherwise, the background is taken from the Board's decision and findings of fact.  *See* Original Record (O.R.) at 8-44.  References to the Original Record reflect electronic pagination.

acres and is improved with two structures, namely a five-bedroom residence with an attached garage and a shed. The property is adjacent to and across the street from commercial properties, including a multi-unit rental property that was previously used as a hotel/motel.

Without contacting the Township or obtaining any permits or approvals, Ghafoori conducted renovations of the residence, most significantly converting the attached garage into an indoor swimming pool. Beginning in February 2022, Ghafoori listed the property as a short-term rental on websites, including Airbnb and Vrbo®. Ghafoori regularly rented out the property through these websites from February 2022 through January 2023. Ghafoori admittedly did not apply for a zoning permit or a certificate of use and occupancy before using the property as a short-term rental.

In November 2022, the Township adopted a short-term rental ordinance (STR Ordinance)[2] which permits short-term rentals in the Township's C-2 zoning district, but not the C zoning district where the property is located. Thereafter, the Township received an anonymous complaint that the property was being used as a short-term rental. The Township Zoning Officer conducted an investigation into the complaint and subsequently issued Ghafoori a notice of violation in August 2023, citing the following:

> Specific Violations: Commencing no later than the date of
> this Notice you have:
>
> 1. Established a new use and/or changed the use
>    (Short-Term Rental) on the subject property without

---

[2] Hamilton Township, Monroe County, Ordinance No. 2022-11-22, Short-Term Rental (2022).

first obtaining a [z]oning [p]ermit, in violation of [Section] 902.1 of the . . . Zoning Ordinance.[3]

2. Used and [o]ccupied subject property for new/changed use without first obtaining a [c]ertificate of [u]se and [o]ccupancy, in violation of [Section] 902.5 of the . . . Zoning Ordinance.

3. Established a new use and/or changed the use on the subject property to a use (Short-Term Rental) that is not allowed in the Zoning District where the subject property exists, in violation of Schedule I of the . . . Zoning Ordinance.

4. Performed construction activities (indoor swimming pool) on subject property without first obtaining a [z]oning [p]ermit, in violation of [Section] 902.1 of the . . . Zoning Ordinance.

5. Used and [o]ccupied new indoor swimming pool without obtaining a [c]ertificate of [u]se and [o]ccupancy, in violation of [Section] 902.5 of the . . . Zoning Ordinance.

Original Record (O.R.) at 130-31. Ghafoori appealed the notice of violation to the Board.

Subsequently, Ghafoori submitted an application for a certificate of non-conformance asserting that his use of the property as a short-term rental predated the STR Ordinance. The Township Zoning Officer denied Ghafoori's application in November 2023, on grounds that his use of the property as a short-term rental was not lawful because he had not obtained the proper permits. Ghafoori appealed this denial and the matters were consolidated before the Board.

Following a hearing where Ghafoori was the only witness, the Board denied the consolidated appeals. The Board found that while Ghafoori's use of the

---

[3] Hamilton Township, Monroe County, Zoning Ordinance, *as amended* (1985).

property as a short-term rental predated the STR Ordinance, the use was not lawful because Ghafoori failed to obtain the permits required by the Zoning Ordinance, as outlined in the notice of violation. The Board explained that a party proposing the existence of a nonconforming use must "establish both its existence and legality before the enactment of the ordinance at issue[,]" and that preexisting illegal uses such as the one here are not entitled to protection. O.R. at 40 [quoting *Lantos v. Zoning Hearing Bd. of Haverford Twp.*, 621 A.2d 1208 (Pa. Cmwlth. 1993) (emphasis removed)]. Ghafoori appealed to the trial court and the Township intervened, as of course.[4] O.R. at 55. The trial court affirmed without taking additional evidence, and the appeal to this Court followed.

The issues Ghafoori raises on appeal can be paraphrased as follows: (1) whether the Board committed an error of law by finding that Ghafoori failed to establish his short-term rental use of the property was a lawful nonconforming use prior to enactment of the STR Ordinance; and (2) whether the Board committed an error of law in finding that Ghafoori violated the Zoning Ordinance because his remodeling of the attached garage and addition of an inground pool did not constitute the type of new construction, structural alteration, or changes that required him to obtain permits.

Ghafoori first argues that he clearly established that he used the property as a short-term rental prior to enactment of the STR Ordinance, and that this use of the property was lawful. Therefore, he had a constitutional right to continue to use the property for short-term rental purposes. According to Ghafoori, this constitutional protection cannot be defeated "by simply failing to timely comply

---

[4] *See* Section 1004-A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1339, 53 P.S. § 11004-A.

with" certain technical provisions of the Zoning Ordinance. Ghafoori's Br. at 9 [citing *DoMiJo, LLC v. McLain*, 41 A.3d 967, 973 (Pa. Cmwlth. 2012)]. This argument misses the mark as it discredits the importance of zoning ordinance requirements in establishing the lawfulness of a preexisting nonconforming use.

A nonconforming use is one "that predates the enactment of a prohibitory zoning restriction." *Johnson v. Pocono Twp. Zoning Hearing Bd.*, 310 A.3d 836, 847 (Pa. Cmwlth. 2024) (citing *DoMiJo, LLC*, 41 A.3d at 972). This part of the standard is not at issue here since the Board specifically found that Ghafoori's use of the property as a short-term rental predated the STR Ordinance. O.R. at 37, Finding of Fact No. 20. Our caselaw, however, clearly establishes that

> [t]he right to maintain this nonconforming use is *only* available for uses that were *lawful* when they came into existence. . . . [*Hager v. W. Rockhill Twp. Zoning Hearing Bd.*, 795 A.2d 1104, 1110 (Pa. Cmwlth. 2002)]. Preexisting illegal uses cannot become nonconforming uses, and it is the burden of the party proposing the existence of such a use to establish both its existence and legality before the enactment of the ordinance at issue. *Id.*; *Lantos*[].

*Hafner v. Zoning Hearing Bd. of Allen Twp.*, 974 A.2d 1204, 1210-11 (Pa. Cmwlth. 2009) (emphasis added).[5] Stated differently, only "[t]he right to continue a *legal* nonconforming use is entitled to the constitutional protection of due process." *Johnson*, 310 A.3d at 847 [citing *Smalley v. Zoning Hearing Bd. of Middletown Twp.*, 834 A.2d 535, 539 (Pa. 2003) (emphasis added)].

Here, there is substantial evidence in the record to support the Board's determination that Ghafoori's use of the property was not lawful prior to enactment

---

[5] *See also* Section 107 of the MPC, 53 P.S. § 10107 (defining nonconforming use); Zoning Ordinance § 201.4 (same).

of the STR Ordinance. The Zoning Ordinance provides that "no person shall erect, alter or convert any sign, structure, building or part thereof, nor alter the use of land nor undertake any construction or development, subsequent to the adoption of this [Zoning] Ordinance, until a [z]oning [p]ermit has been issued by the Zoning Officer." Zoning Ordinance § 902.1. Moreover, Section 902.5 of the Zoning Ordinance states, in pertinent part, "upon completion of the erection, modification, expansion, enlargement, alteration or conversion of any structure, building or part thereof . . . the holder of such [z]oning [p]ermit shall notify the Zoning Officer of such completion and request a [c]ertificate of [o]ccupancy in writing." Zoning Ordinance § 902.5. By his own admission, Ghafoori did not review the entire Zoning Ordinance and did not apply for, let alone obtain, a zoning permit before using the property as a short-term rental or altering the attached garage to an indoor, inground swimming pool. Likewise, he admittedly failed to apply for and obtain a certificate of occupancy. Despite Ghafoori's argument to the contrary, this Court has repeatedly held that failure to comply with similar zoning requirements renders a preexisting use unlawful. *Hafner*. Because Ghafoori's use of the property was not lawful prior to enactment of the STR Ordinance, it was not entitled to constitutional protection as a nonconforming use.

Ghafoori further argues that the Board erred in denying his appeal of the notice of violation with respect to installation of the swimming pool. According to Ghafoori, the Board's decision is against the weight of the evidence because he "did not convert an existing building into a 'new or substantially different structure' or alter the structure of the building or add to the square footage of the building." Ghafoori's Br. at 14 (quoting Reproduced Record at 36a). This argument strains credulity. While Ghafoori might not have changed the overall footprint of the

6

attached garage or removed walls, that fact is of no moment. Ghafoori admittedly excavated the interior of the building and altered the structure to accommodate a five-foot-deep swimming pool without obtaining a zoning permit or certificate of occupancy.

Accordingly, we affirm the trial court.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yousuf Ghafoori,            :
        Appellant      :
                      :
        v.               :    No. 1573 C.D. 2024
                      :
Hamilton Township Zoning Hearing  :
Board and Hamilton Township     :

# **O R D E R**

AND NOW, this 13th day of May, 2026, the Order of the Court of Common Pleas of Monroe County is AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita
